**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No.: 4:26mj127-MAF**

**J'SHAWN TIKARIYON WALKER a/k/a "26"**

______________________________________/

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## I. INTRODUCTION

I, Jacob Scott, being duly sworn, depose and state the following:

1. I have been employed as a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) since September 2025. In this role, I have been assigned to Tallahassee, Florida. Prior to my assignment to Tallahassee, Florida, I graduated from the Federal Law Enforcement Training Center (FLETC) located in Brunswick, Georgia where I completed the Criminal Investigator Training Program (CITP). Prior to attending FLETC, I was employed as a Narcotics Detective with the Wakulla County Sheriff's Office (WCSO) from August 2022 to September 2025. During this time, I was assigned to the North Star Multi-Jurisdictional Drug Task Force which covered fourteen counties in the Florida Panhandle. Additionally, I worked for the WCSO as

RCVD USDC FLND TL AUG 7 '26 AM10:06

a Road Patrol Deputy Field Training Officer (FTO), where I was responsible for teaching and assisting in the training of newly-hired deputies.

2. During my time as a Special Agent, I have participated in criminal investigations involving local, national, and international drug trafficking organizations. I am currently assigned to the North Star Multi-Jurisdictional Drug Task Force as well as the HSI Violent Gang Task Force. In addition, I have participated in many cases involving search warrants, cellular phone tracking and vehicle Global Positioning System (GPS) tracking. In connection with my official HSI duties, I have experience investigating criminal violations involving the possession and distribution of narcotics and firearms, in violation of Title 18, United States Code, Sections 922 and 924 (weapons offenses), and Title 21, United States Code, Sections 841 and 846 (narcotics trafficking and related conspiracies).

3. This Affidavit is made in support of a Criminal Complaint against J'Shawn Tikariyon WALKER. As set forth herein, there is probable cause to believe WALKER has violated (Count 1) 18 U.S.C. § 922(o) related to the possession of a machinegun, and (Count 2) 18 U.S.C. § 922(g)(1) related to the possession of a firearm by a convicted felon.

4. This Affidavit is based upon my personal knowledge, experience, and investigation, as well as information conveyed to me directly from or through reports of other law enforcement officers in the course of their official duties.

Because this Affidavit is submitted for the limited purpose of obtaining a Criminal Complaint and Arrest Warrant, I have not included all information known by me or other investigators concerning this investigation. I have set forth only those facts I believe are essential to establish the necessary foundation for the Criminal Complaint and Warrant. This Affidavit does not exhaust my knowledge or that of other investigators of the facts and circumstances surrounding this investigation.

## II. RELEVANT FACTS OF THE INVESTIGATION

5. WALKER is a convicted felon with the following felony convictions: Conspiracy to Commit Theft of a Firearm and Theft of a Firearm from a Licensed Dealer (18 U.S.C. § 371), Theft of a Firearm from a Licensed Dealer (18 U.S.C. §§ 922(u), 924(i)(1), and 2), Knowing Possession of a Stolen Firearm (18 U.S.C. §§ 922(j) and 924(a)(2)), and Illegal possession of a machinegun (18 U.S.C. § 922(o)), all arising out of NDFL case number 4:24cr39-MW-3 where he is currently on supervised release.

6. On or around July 9, 2026, while conducting inbound exams, U.S. Customs and Border Protection (CBP) examined MAWB Tracking # 297-74138536 (the TARGET PARCEL) for suspected illegal machinegun conversion kits. The TARGET PARCEL was manifested as a "PORTABLE GAS STOVE". The shipper of the TARGET PARCEL was listed as FOSHAN FOUNDED WIN. The shipping labels affixed to the TARGET PARCEL reflect the TARGET PARCEL as being

sent from "ROOM 2309 NO 2 22 YONGSHENG WEST RO GUANG DON FOSHAN 528000 CHINA." The Consignee (recipient) listed on the TARGET PARCEL was "Jay Walk", 1403 Idlewild Drive, Tallahassee, Florida 32311 (the **TARGET RESIDENCE**).

7. J'Shawn Tikariyon WALKER is currently on federal supervised release in NDFL case number 4:24cr39-MW-3 and is supervised by federal probation at the **TARGET RESIDENCE.**

8. Upon examination of the TARGET PARCEL, three Glock machinegun conversion devices (each having three component parts) were discovered in a box labeled "Portable Gas Stove," interspersed with various metal parts. ATF Form 6 is needed prior to permanent importation of firearms into the United States. The permanent importation of machineguns is generally prohibited under 26 U.S.C § 5844 and 18 U.S.C. § 922(o). The three sets of Glock MCD component parts were seized by CBP under the authority of 19 U.S.C § 1595a(c)(1)(C) and 49 USC § 80302(a)(2) and placed in an evidence bag.

9. WALKER did not have permission to import any machineguns.

10. The TARGET PARCEL was shipped by CBP to HSI in Tallahassee, Florida and received on July 13, 2024.

11. A federal search warrant was obtained (NDFL 4:26mj116-MAF) and executed on August 7, 2026. During the execution of the search warrant, WALKER

was Mirandized and agreed to speak with officers. WALKER acknowledged ordering a single Glock switch, which he had received and sold. He told officers that nothing would be found during the execution of the search warrant.

12. During the execution of the search warrant, a Glock 19 with an attached machinegun conversion device was found in a shoebox in WALKER's bedroom. When confronted with the fact that officers had found a converted Glock machinegun, WALKER acknowledged knowing the gun was there and said he had bought it already converted.

13. I know through my training and experience that Glock firearms are manufactured in either Smyrna, Georgia or the Country of Austria, so there is probable cause that any given Glock has moved in either interstate or foreign commerce.

## III. CONCLUSION

14. Based on the above facts, I believe that there is probable cause to establish that WALKER has violated (Count 1) 18 U.S.C. § 922(o) related to the

possession of a machinegun, and (Count 2) 18 U.S.C. § 922(g)(1) related to the possession of a firearm by a convicted felon.

Jacob Scott, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this 7th day of August 2026, in Tallahassee, Florida.

MARTIN A. FITZPATRICK
U.S. MAGISTRATE JUDGE